J-A08032-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| A.B. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| R.B. | : | |
| | : | |
| APPEAL OF: CHILDREN'S RESOURCE CTR. | : | No. 1062 MDA 2014 |

Appeal from the Order Entered June 16, 2014,
in the Court of Common Pleas of Dauphin County,
Civil Division, at No(s): 2013-CV-4359-CU

BEFORE:   SHOGAN, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED APRIL 10, 2015**

The Children's Resource Center (CRC) appeals from an order denying its motion to quash a subpoena entered on June 16, 2014 with respect to an underlying child custody action. Because the trial court lacked jurisdiction, we vacate the order.

A.B. (Mother) and R.B. (Father) are the parents of a daughter who was born in 2008. On May 20, 2013, Mother, at the time residing in Harrisburg, Pennsylvania, filed a complaint for custody against Father, who lived in New Jersey, in the Dauphin County Court of Common Pleas. Mother was particularly concerned about purported physical and sexual abuse of the child by Father. On October 22, 2013, Mother and Father reached an agreement with respect to custody, which was entered as an order of court. That agreement provided that Mother would have sole physical and legal

_____

*Retired Senior Judge assigned to the Superior Court.

custody of the child, but Mother would provide Father with periodic updates as to the child's well-being. The agreement also provided that neither party would relocate without following the procedure set forth in 23 Pa.C.S. § 5337, governing relocation in child custody matters.

On November 1, 2013, Mother filed a document entitled "Change of Address" with the Dauphin County Court of Common Pleas, which indicated that her new address was in Oakhurst, New Jersey. On December 31, 2013, Father filed a petition for modification of the custody order and petition for contempt because Mother relocated to New Jersey without following section 5337. After the parties were unable to reach a custody agreement, the trial court permitted Father to conduct discovery; specifically, Mother was ordered to sign all necessary release forms so the CRC could release child's psychological evaluations and counseling information to Father. Furthermore, Mother was ordered to file a brief in support of her request to transfer venue to New Jersey.[1]

On May 5, 2014, the CRC filed a motion to quash Father's subpoena for release of the child's records. The CRC also requested that the trial court appoint a guardian *ad litem* on the child's behalf. On May 28, 2014, the trial court held a hearing on Mother's petition to transfer venue and the CRC's motions to quash the subpoena and appoint a guardian *ad litem*.

_____

[1] Mother filed a formal petition to transfer venue and a brief on April 11, 2014. Father opposed the request to transfer venue.

- 2 -

At the hearing, all parties acknowledged that Mother, Father, and the child were residing in New Jersey. N.T., 5/28/2014, at 5. Thus, counsel for the CRC suggested it would be more expeditious to relinquish jurisdiction and transfer the case to New Jersey for consideration of the discovery issues. *Id*. Father's counsel disagreed with this assessment and asked the trial court to rule on the discovery matters and then transfer the case to New Jersey. *Id*. at 24-25. After discussion among the trial court and all counsel, the trial court concluded the most expeditious and appropriate path would be to order that CRC provide the discovery, to enter a temporary custody order permitting Father supervised visitation, and then to transfer the matter to New Jersey.

On June 16, 2014, the trial court entered the two orders at issue in this case. First, it denied the CRC's motion to appoint a guardian *ad litem*; second, it denied the CRC's motion to quash the subpoena. The CRC timely filed a notice of appeal. Subsequently, on July 11, 2014, the trial court transferred custody jurisdiction to Monmouth County, New Jersey.

Before we are able to reach the merits of the issues set forth by the CRC on appeal, we consider two jurisdictional hurdles. First, we consider whether we have jurisdiction over this appeal.

> An appeal may be taken only from a final order unless otherwise permitted by statute or rule. A final order is ordinarily one which

ends the litigation or disposes of the entire case; however, "[a]n appeal may be taken as of right from a collateral order of an administrative agency or lower court." Pa. R.A.P. 313(a). A collateral order is defined under Pa. R.A.P. 313(b) as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost."

*Ben v. Schwartz*, 729 A.2d 547, 550 (Pa. 1999).

The CRC contends this appeal is proper pursuant to Pa.R.A.P. 313 as a collateral order. CRC's Brief at 14-17. It argues that

[a]ll of the requirements of Pa.R.A.P. 313 are met in this case. First, the trial court's order to produce the child's confidential medical records is separate and apart from the underlying custody action. Second, the child's constitutional and statutory right to privacy in the child's medical records is too important to be denied review. Third, once the child's medical records are released to Father and to other persons authorized under the Protective Order, the child's constitutional and statutory right to privacy in those records is forever lost.

*Id*. at 16-17.

"Generally, discovery orders involving purportedly privileged material are appealable because if immediate appellate review is not granted, the disclosure of documents cannot be undone and subsequent appellate review would be rendered moot." *Rhodes v. USAA Casualty Ins. Co.,* 21 A.3d 1253, 1258 (Pa. Super. 2011). "Our Supreme Court in *Zane v. Friends Hospital*, [] 836 A.2d 25 ([Pa.] 2003) recognized that the expectation of confidentiality in mental health records was essential to effective mental health treatment." *Gormley v. Edgar*, 995 A.2d 1197, 1202 (Pa. Super.

2010). "We acknowledge that even the threat of disclosure of the contents of private mental health records can have a chilling effect on one's willingness to seek treatment. Where, as here, the privacy interest implicated is paramount, we believe that the policy against piecemeal review must yield to permit review." *Id*.

Thus, because the trial court required the disclosure of allegedly confidential and privileged mental health records, we agree with the CRC that the order denying its motion to quash the subpoena is appealable as a collateral order. Having concluded that this order is before us properly, we now consider the other jurisdictional question at issue; namely, whether the trial court had jurisdiction to enter the order in the first place.

The CRC contends that the trial court should never have entered the order because it did not have jurisdiction pursuant to the Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA), 23 Pa.C.S. §§ 5401-5482. CRC's Brief at 17-19. Since the Dauphin County Court of Common Pleas made an initial custody determination pursuant to 23 Pa.C.S. § 5421, we look to section 5422 to consider whether the trial court maintained exclusive, continuing jurisdiction to modify that order.

> **(a) General rule.**--Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth which has made a child custody determination consistent with section 5421 (relating to initial child custody jurisdiction) or 5423 (relating to jurisdiction to

modify determination) has exclusive, continuing jurisdiction over the determination until:

> (1) a court of this Commonwealth determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this Commonwealth and that substantial evidence is no longer available in this Commonwealth concerning the child's care, protection, training and personal relationships; or
>
> (2) a court of this Commonwealth or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this Commonwealth.
>
> **(b) Modification where court does not have exclusive, continuing jurisdiction.**--A court of this Commonwealth which has made a child custody determination and does not have exclusive, continuing jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under section 5421.

23 Pa.C.S. § 5422.

There is no dispute that as of November 1, 2013, Mother, Father, and the child did not reside in Pennsylvania. Thus, the requirements of subsection 5422(a)(2) are met. Accordingly, we look to subsection 5422(b), which provides that the trial court may enter a modification order only if it has jurisdiction pursuant to subsection 5421. That subsection provides the following, in relevant part:

> **(a) General rule.**--Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth has jurisdiction to make an initial child custody determination only if:

(1) this Commonwealth is the home state of the child on the date of the commencement of the proceeding or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this Commonwealth but a parent or person acting as a parent continues to live in this Commonwealth;

(2) a court of another state does not have jurisdiction under paragraph (1) or a court of the home state of the child has declined to exercise jurisdiction on the ground that this Commonwealth is the more appropriate forum under section 5427 (relating to inconvenient forum) or 5428 (relating to jurisdiction declined by reason of conduct) and:

(i) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this Commonwealth other than mere physical presence; and

(ii) substantial evidence is available in this Commonwealth concerning the child's care, protection, training and personal relationships;

(3) all courts having jurisdiction under paragraph (1) or (2) have declined to exercise jurisdiction on the ground that a court of this Commonwealth is the more appropriate forum to determine the custody of the child under section 5427 or 5428; or

(4) no court of any other state would have jurisdiction under the criteria specified in paragraph (1), (2) or (3).

**(b) Exclusive jurisdictional basis.**--Subsection (a) is the exclusive jurisdictional basis for making a child custody determination by a court of this Commonwealth.

23 Pa.C.S. § 5421.[2]

In analyzing this statute, paragraph (1) does not apply here because neither parent nor the child was residing in the Commonwealth when Father filed the petition for modification. Since it is apparent that New Jersey has jurisdiction in this case (both because the trial court transferred the case there and because the child and parents live there), paragraph (2) does not confer jurisdiction. Finally, New Jersey has not declined jurisdiction in this case, so neither paragraphs (3) or (4) applies. Thus, we conclude that the trial court did not have jurisdiction pursuant to section 5421; therefore, the trial court did not maintain exclusive, continuing jurisdiction to modify custody pursuant to section 5422(b). Accordingly, the trial court did not have jurisdiction to entertain the requests for discovery. Because the trial court did not have jurisdiction over this matter, we vacate the order.

Order vacated.[3] Jurisdiction relinquished.

---

[2] Pursuant to the Comment to this statute, the "proceeding" in this case began with Father's petition to modify custody filed on December 31, 2013. In anticipation of entering an order modifying custody, the trial court had to rule on whether Father was entitled to the discovery of the information in the possession of the CRC.

[3] While the CRC purports to appeal from the order denying its petition for appointment of a guardian *ad litem*, the CRC raises no argument on this issue in its brief. Moreover, such order is not appealable as a collateral order because it does not meet the standards for being a collateral order. **Cf. Rehrer v. Youst**, 91 A.3d 183, 189 (Pa. Super. 2014) (holding that the appointment of a guardian *ad litem* is immediately appealable as a collateral order as it divests a parent control over his or her minor child). However, as

Judge Wecht joins the memorandum.

Judge Shogan concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/10/2015

---

we have concluded that the trial court did not have jurisdiction over this matter; this order should be vacated as well.